RECEIVED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 JUN 22 PM 12: 34

MELISSA MOORE,

Plaintiff,

CASE NO.: 6:17-CV-1151-ORL-31-DCI

vs.

K&G TRANSPORT, INC.,

Defendant. /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MELISSA MOORE, ("Plaintiff"), was an employee of Defendant, K&G TRANSPORT, INC., ("K&G" or "Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief and reasonable attorney's fees and costs.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

3. At all times material hereto, Plaintiff was a resident of Volusia, Florida.

1

4. Defendant, K&G, conducts business in, among others, Volusia County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

5. Defendant is in the business of operating an intrastate transport company whose principal office is located at 1166 E. Normandy Blvd., Deltona, Florida 32725.

6. The Plaintiff in this action was employed by Defendant as an hourly paid non-exempt truck driver from on or around July 2016 to December 2016 earning $14.00 per hour for all hours up to and including forty (40) in each workweek, but who did not receive pay at time and one-half times her regular rate of pay for her hours worked in excess of forty (40) hours per week during one or more workweeks.

## COVERAGE

7. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

8. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

9. At all material times, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

2

a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. facsimile machines, computers, and/or office supplies).

11. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## **GENERAL ALLEGATIONS**

12. Defendant, K&G, is a company classified as an intrastate transportation company.

13. Plaintiff, MELISSA MOORE, performed non-exempt truck driver duties for Defendant.

14. Plaintiff worked in this capacity from approximately July 2016 through December 2016.

15. Plaintiff was paid an hourly rate of $14.00 per hour in exchange for work performed.

16. Plaintiff never travelled outside of the state of Florida as part of her job duties during her employment with Defendant.

17. From on or around July of 2016, Plaintiff routinely worked in excess of forty (40) hours per week as part of her regular job duties.

18. Despite working more than forty (40) hours per week during one or more work weeks, Defendant failed to pay Plaintiff overtime compensation at a rate of time

and one-half times her regular rate of pay for hours worked over forty (40) in a workweek.

19. Defendant paid Plaintiff her regular rate of pay for all hours worked, including those over forty (40) hours per workweek.

20. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff.

21. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

22. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

23. Defendant failed to maintain proper time records as mandated by law.

24. Defendant failed to post informational posters as required by law advising its employees of their rights under the FLSA.

25. Defendant is in possession of records that will show the amount of overtime damages due to Plaintiff. However, despite Plaintiff's request for such records in order to resolve any unpaid overtime without the need for litigation, Defendant has failed to and/or refused to provide such records.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above.

4

27. Plaintiff was entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per workweek.

28. From on or about July 2016 and throughout her employment with Defendant, Plaintiff worked overtime hours, but was not paid time and one-half compensation for same during one or more workweeks.

29. Defendant had knowledge of the overtime hours worked by Plaintiff.

30. Defendant was aware of laws which required employees to be paid at time and one half her regular rate of pay for hours worked over forty (40) within a workweek.

31. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

32. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

33. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant;

    a. Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per workweek;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: 6/21/17

Respectfully submitted by,

/s/ Kimberly De Arcangelis

Kimberly De Arcangelis, Esq.
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
Trial Attorneys for Plaintiff