# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MELISSA MOORE,**

        **Plaintiff,**

**v.**                                                                    Case No:  6:17-cv-1151-Orl-31DCI

**K&G TRANSPORT, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. 10)**
>
> **FILED:**      **September 1, 2017**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I.   BACKGROUND.

On June 22, 2017, Melissa Moore (Plaintiff) filed a complaint against K&G Transport, Inc. (Defendant), an intrastate transport company. Doc. 1. The gravamen of the Complaint is that Plaintiff, who was employed by Defendant as a truck driver, was not paid overtime wages for work she performed in excess of forty (40) hours per week. *Id*. Plaintiff asserts a single claim for unpaid overtime wages in violation the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. *Id*.

Plaintiff filed a return of service, in which the process server averred that she served Defendant by serving Defendant's vice president on July 6, 2017. Doc. 8. Thus, Defendant had

21 days from the date of service – July 27, 2017 – to respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant, however, did not respond to the Complaint by July 27, 2017. Thus, Plaintiff moved for default against Defendant, Doc. 7, and, on August 11, 2017, the Clerk entered default against Defendant. Doc. 9.

On September 1, 2017, Plaintiff filed a Motion for Entry of Default Final Judgment (Motion), along with an affidavit from herself and evidence pertaining to costs. Docs. 10; 10-1; 10-2. Plaintiff argues that the allegations in the Complaint and the evidence presented in support of the Motion demonstrate that she is entitled to default judgment against Defendant. Doc. 10 at 3-8. Thus, Plaintiff requests the following relief: 1) a total of $5,661.50 for unpaid overtime wages and liquidated damages; and 2) a total of $515.00 in costs. *Id*. at 8-9.[1]

## II. STANDARD OF REVIEW.

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

---

[1] Plaintiff does not request an award of attorney fees. Doc. 10 at 3, 9.

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

If the plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is entitled to the relief requested in their motion for default judgment. If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. *Id*. (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of

damages). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See Adolph Coors*, 777 F.2d at 1543-44. However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages").

### III. <u>ANALYSIS</u>.

#### A. Jurisdiction.

The Court has subject matter jurisdiction over this case based on federal question jurisdiction. 28 U.S.C. § 1331. Further, the Court has personal jurisdiction over Defendant since it is a Florida corporation conducting business in Florida. Doc. 1 at ¶¶ 4-5.

#### B. Clerk's Default.

Plaintiff filed a return of service, in which the process server averred that she served Defendant by serving Defendant's vice president on July 6, 2017. Doc. 8. This was proper service on a corporation under Florida law. Fla. Stat. § 48.081(1)(a). Thus, Defendant had 21 days from the date of service – July 27, 2017 – to respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant, however, did not respond to the Complaint by July 27, 2017, and, as a result, is in default. Therefore, the undersigned finds that the Clerk properly entered default against Defendant.

## C. Liability.

An employee engaged in interstate commerce must be paid an overtime wage of one and one-half times his or her regular rate for all hours he or she works in excess of forty (40) hours per week. 29 U.S.C. § 207(a)(1). If an employee is not paid the statutory wage, the FLSA creates a private cause of action for that employee against his or her employer for the recovery of unpaid overtime wages and an equal amount of liquidated damages if the failure to pay overtime wages is found to be willful. *Id.* at §§ 216(b), 260. To establish a prima facie case of liability for unpaid overtime compensation under the FLSA, the plaintiff must demonstrate the following: 1) defendant employed him or her; 2) either (a) he or she was engaged in interstate commerce, or (b) defendant is an enterprise engaged in interstate commerce; 3) he or she worked over forty (40) hours a week; and 4) defendant did not pay him or her all of their overtime wages. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

### 1. Employment.

As defined by the statute, and subject to certain exceptions not at issue here, an "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The statutory definition of "employer" is similarly broad as it encompasses both the employer for whom the employee directly works, as well as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" *Id.* at § 203(d).

Plaintiff alleges that Defendant employed her as a truck driver between July 2016 and December 2016. Doc. No. 1 at ¶¶ 6, 13-14.[3] Accepting these allegations as true, the undersigned finds that Plaintiff has sufficiently demonstrated that she was employed by Defendant.

---

[3] Plaintiff subsequently averred that she worked for Defendant as a "telemarketer." Doc. 10-1 at ¶ 3. This averment seems to be a scrivener's error because it is inconsistent with Plaintiff's allegation that she worked for Defendant as a truck driver. *Compare* Doc. 10-1 at ¶ 3 *with* Doc. 1

### 2. Coverage.

In order to be eligible for overtime wages under the FLSA, an employee must demonstrate that he or she is covered by the FLSA. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). An employee may establish coverage by demonstrating: 1) that he or she was engaged in commerce or in the production of goods for commerce (i.e., individual coverage); or 2) that the employer was engaged in commerce or in the production of goods for commerce (i.e., enterprise coverage). 29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298-99.

Plaintiff alleges that Defendant was an enterprise covered by the FLSA throughout the relevant period. Doc. 1 at ¶¶ 7-11; *see* Doc. 10 at 5-7.[4] An enterprise is engaged in commerce or in the production of goods for commerce if it meets the following requirements:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000[.]

29 U.S.C. § 203(s)(1)(A)(i)-(ii). A court "cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." *De Lotta v. Dezenzo's Italian Rest., Inc.*, Case No. 6:08-cv-2033-Orl-22KRS, 2009

---

at ¶¶ 6, 13. Further, the Court must accept the well-pled allegations of the Complaint as true, not the averments in the affidavit. Thus, in light of the foregoing, the undersigned finds Plaintiff's apparently erroneous averment that she worked for Defendant as a telemarketer does not undermine her claim against Defendant.

[4] Plaintiff does not allege individual coverage. *See* Docs. 1 at 2-3; 10 at 5-7. Thus, the undersigned will not address whether there is individual coverage in this case.

WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008)).[5]

Plaintiff alleges that at all relevant times Defendant had two or more employees engaged in commerce, engaged in the production of goods for commerce, or "[h]andling, selling or working on goods or materials that have been moved in or produced for commerce." Doc. 1 at ¶ 10; *see* Doc. 10 at 6. Plaintiff further alleges that at all relevant times Defendant's annual gross revenue exceeded $500,000.00 per annum. Doc. 1 at ¶ 9. Accepting these allegations as true, the undersigned finds that Plaintiff has sufficiently demonstrated enterprise coverage. *See Gonzalez v. Unidad of Miami Beach, Inc.*, 2011 WL 2983671, at *2 (S.D. Fla. July 22, 2011) (finding that plaintiff sufficiently alleged enterprise coverage under the FLSA where complaint alleged, in relevant part, that defendant's employees "regularly sold, handled, or otherwise worked on goods and/or materials that had been moved or produced for commerce," and that defendant "was an enterprise engaged in commerce . . . as defined by the FLSA.").

### 3. Hours of Work per Week.

Plaintiff alleges that she worked in excess of forty (40) hours per week during her employment with Defendant. Doc. 1 at ¶ 17; *see* Doc. 10-1 at ¶ 5. Specifically, Plaintiff avers that she worked an average of 20 hours of overtime per week. Doc. 10-1 at ¶ 5. Accepting these allegations and uncontroverted averments as true, the undersigned finds that Plaintiff has sufficiently demonstrated that she worked in excess of forty (40) hours per week while employed by Defendant.

---

[5] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

### 4. Unpaid Overtime.

Plaintiff alleges that she was not paid overtime wages for any of the hours she worked in excess of forty (40) hours per week. Doc. 1 at ¶¶ 18, 28; *see* Doc. 10-1 at ¶ 5. Accepting these allegations as true, the undersigned finds that Plaintiff has sufficiently demonstrated that Defendant did not pay her overtime wages for all hours she worked in excess of forty (40) hours per week.

In light of the foregoing, the undersigned finds that Plaintiff has sufficiently demonstrated that Defendant violated the FLSA's overtime provision, 29 U.S.C. § 207(a)(1).

### D. Damages.

Plaintiff was entitled to be paid one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours during a workweek. 29 U.S.C. § 207(a)(1). In a FLSA case, the plaintiff bears the burden of proving, "with definite and certain evidence, that he performed work for which he was not properly compensated." *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) *implicitly overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988). A plaintiff may establish his or her damages by affidavit. *See Adolph Coors*, 777 F.2d at 1544 ("Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." (internal quotations omitted)). Additionally, "employees who prevail under the FLSA are entitled to recover liquidated damages unless the employer makes an affirmative showing that it acted in good faith." *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012) (citing *Dybach v. Fla. Dep't of Corrections*, 942 F.2d 1562, 1566-67 (11th Cir. 1991)).

Plaintiff alleges that "Defendant failed to maintain proper time records," and, to the extent Defendant has such records, Defendant has "failed to and/or refused to provide such records." Doc. 1 at ¶¶ 23, 25.  When an employer fails to keep time records, or, in this case, fails to appear and provide time records, and the employee proves he or she performed work for which he or she was not properly compensated, the burden shifts to the employer to prove its claim or disprove the employee's, and upon failing to do so, the court can award damages to the employee even if the result is only approximate.  *See Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th Cir. 2013) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)); *see also Brock v. Norman's Country Mkt., Inc.*, 835 F.2d 823, 828 (11th Cir. 1988).  Here, Plaintiff has proven that she performed work for which she was not properly compensated, and Defendant, by failing to appear, has failed to disprove Plaintiff's claims.  *See supra* at pp. 5-8.  As such, the Court may award damages to Plaintiff for the overtime work she performed during her employment with Defendant, even if those damages are approximate.

Plaintiff provides an affidavit in support of her request for damages, and a chart detailing the number of hours she worked and the amount of overtime she is owed for each week during the relevant period.  Doc. 10-1 at 4.[6]  Plaintiff's request for damages is essentially made up of two sections, as demonstrated by the following two exemplary entries from Plaintiff's chart:

---

[6] The time sheet references pay periods between July 2014 and December 2014.  Doc. 10-2 at 4. This again appears to be another scrivener's error, because the Complaint and affidavit refer to the relevant period as July 2016 through December 2016.  Docs. 1 at ¶ 14; 10-1 at ¶ 3.  Further, the pay periods detailed in the time sheet are consistent with pay periods in 2016, not 2014.  Moreover, even if the relevant period occurred between July 2014 and December 2014, this time period would still fall within the applicable statute of limitations because Plaintiff alleges that Defendant willfully violated the FLSA overtime provision, which provides for a three year statute of limitation.  29 U.S.C. § 255(a).  Thus, while the undersigned does not find this error requires the Court to deny the Motion, counsel is admonished that it should carefully review all documents filed with the Court.

| Period Start | Period End | Gross Pay | Total Hrs/Week | OT Hrs. Due @ 1/2 Rate | OT Due @ $7.00 Half Rate | Unpaid Drive Hrs. Due @ 1.5 Rate ($21) | OT Due @ 1.5 Rate ($21) | Total OT Due |
|---|---|---|---|---|---|---|---|---|
| 8/7/201[6] | 8/13/201[6] | $784.00 | 56 | 16 | $112.00 | 2.5 | $52.50 | $164.50 |
| 9/4/201[6] | 9/10/201[6] | $630.00 | 45 | 5 | $35.00 | 2.5 | $52.50 | $87.50 |

Doc. 10-1 at 4. The first section of Plaintiff's chart details the total number of hours she worked during a given week, the number of overtime hours she worked, and the amount of overtime wages she was due, but Defendant allegedly failed to pay. *Id.* Thus, as shown above, Plaintiff alleges that for the weeks beginning August 7 and September 4, 2016, she worked a total of 21 overtime hours, and, as a result, was owed, but not paid, overtime wages totaling $147.00 for those two weeks.[7] Under the first section of Plaintiff's chart, Plaintiff calculates that she is owed a total of $1,780.75 in unpaid overtime wages during the relevant period. The undersigned finds that Plaintiff has sufficiently demonstrated that she is entitled to these damages.

The second section of Plaintiff's chart relates to her claim that she was not paid any wages for "compensable drive time." *See id.* The Complaint contains no allegations regarding this claim. *See* Doc. 1. Instead, this claim first appeared in the Motion, Doc. 10 at 8, and is detailed in Plaintiff's affidavit:

> I was not paid for 30 minutes per workday for compensable drive time, which resulted in 2.5 uncompensated overtime hours worked per week due at my overtime rate of $21.00 ($14.00 x 1.5 = $21.00).

Doc. 10-1 at ¶ 6. Thus, Plaintiff claims that in addition to the unpaid overtime wages detailed in the first section of the chart, she also performed 2.5 hours of compensable driving during 20 of the

---

[7] This figure is calculated as follows: 21 (overtime hours) x $7.00 (one-half of Plaintiff's regular rate) = $147.00

25 weeks of the relevant period. *See id* at 4. Plaintiff claims that she was not paid her regular rate or overtime wages for this additional work. *Id*. at ¶ 6. Thus, Plaintiff claims that she is entitled to recover an additional $52.50[8] for each week she performed 2.5 hours of compensable driving.

In the Complaint, Plaintiff alleges that Defendant paid "her regular rate of pay for all hours worked, including those over (40) hours per workweek." Doc. 1 at ¶ 19; *see also* Doc. 10-1 at ¶ 5 ("I was paid my regular rate of pay for all hours worked."). Plaintiff, however, now claims in the motion that she was not paid her regular rate for all hours she worked, and seeks to recover her regular rate and overtime wages for compensable drive time. Plaintiff's allegation that she was paid her regular rate for all hours worked, which the Court must accept as true, precludes such recovery. Thus, the undersigned finds that Plaintiff is not entitled to recover her regular rate and overtime wages for compensable drive time. Instead, Plaintiff should only recover her overtime wages for compensable drive time. Thus, Plaintiff would be entitled to recover an additional $17.50[9] in unpaid overtime wages for each of the 20 weeks she performed compensable driving, which results in a total of $350.00 in unpaid overtime wages during the relevant period. Therefore, considering the allegations in the Complaint and evidence offered in support of the Motion, the undersigned finds that Plaintiff has sufficiently demonstrated that she is entitled to a total of $2,130.75 in unpaid overtime wages.

Plaintiff also seeks an award of liquidated damages. Docs. 1 at 5; 10 at 8. Plaintiff alleges that Defendant willfully refused to pay her overtime wages. Doc. 1 at ¶¶ 20, 22. Defendant has not presented any evidence of a good faith failure to pay overtime wages. Therefore, by virtue of

---

[8] This figure is calculated as follows: 2.5 (the number of compensable hours Plaintiff spent driving each week) x $21.00 (one and one-half of Plaintiff's regular rate) = $52.50.

[9] This figure is calculated as follows: 2.5 (the number of compensable hours Plaintiff spent driving each week) x $7.00 (one-half of Plaintiff's regular rate) = $17.50.

Defendant's default, Defendant admits that it willfully violated the FLSA. *Ojeda-Sanchez*, 499 F. App'x at 902. As a result, the undersigned finds that Plaintiff is entitled to an award of liquidated damages.

In light of the foregoing, the undersigned finds that Plaintiff is entitled to recover a total of $2,130.75 in unpaid overtime wages and an equal amount of liquidated damages, resulting in a total of $4,261.50 in damages under Plaintiff's claim for unpaid overtime wages.

**E. Costs.**

Plaintiff seeks to recover $515.00 in costs, which represents $400.00 for the filing fee, and $115.00 for serving process. Doc. 10 at 8-9. The FLSA mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow . . . costs of the action." 29 U.S.C. § 216(b). In FLSA cases, courts may tax those costs permitted by 28 U.S.C. § 1920. *See Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (finding that "nothing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A § 1920."). A court, though, may not tax costs "in excess of those permitted by Congress under 28 U.S.C. § 1920." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). The filing fee and the fee for service of process[10] are recoverable pursuant to 28 U.S.C. § 1920(1), *Pelc v. Nowak*, 596 F. App'x 768, 771 (11th Cir. 2015), and are reasonable. Thus, the undersigned finds that Plaintiff is entitled to recover a total of $515.00 in costs.

---

[10] Plaintiff attempted to serve Defendant twice, with the first attempt being unsuccessful, and the second attempt being successful. Docs. 7-1 at 2-3; 8.

IV.     **CONCLUSION**.

Accordingly, is it **RECOMMENDED** that:

1. The Motion (Doc. 10) be **GRANTED** to the extent that default judgment be entered in favor of Plaintiff and against Defendant in the total amount of $4,776.50;[11]

2. The Motion (Doc. 10) be **DENIED** in all other respects; and

3. The Clerk be **DIRECTED** to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 12, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[11] This figure is calculated as follows: $2,130.75 (unpaid overtime wages) + $2,130.75 (liquidated damages) + $515.00 (costs) = $4,776.50.